**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SAIT SONUK** | **CIVIL ACTION 1:26-CV-01611 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM RULING AND ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Sait Sonuk ("Sonuk"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

## I. Background

Sonuk is a native and citizen of Turkey who was encountered by the U.S. Border Patrol on March 22, 2023, near the U.S.-Mexico border. ECF No. 9-1 at 2, 5. According to the Form I-213, Record of Deportable/Inadmissible Alien, Sonuk was issued a Notice to Appear and released on an Order of Recognizance. The release document advised him to report for immigration hearings and interviews and to surrender for removal if ordered. ECF No. 9-1 at 3.

The Government asserts that Sonuk filed an Application for Asylum and Withholding of Removal on July 12, 2023. *Id.*

The record reflects that Sonuk continued to remain at liberty while his removal proceedings were pending until his re-detention this year.

Sonuk asserts that he appeared for an ICE check-in on April 22, 2026, where he was arrested without notice, a hearing before a neutral decisionmaker, or an opportunity to contest whether changed circumstances justified re-detention. ECF No. 1 at 13. He later sought a custody redetermination, but the immigration judge denied the request for lack of jurisdiction. ECF No. 9-1 at 8.

On June 18, 2026, an immigration judge denied Sonuk's applications for relief and ordered him removed to Turkey. ECF No. 9-1 at 10-12. The Executive Office for Immigration Review's online case information system reflects that Sonuk's appeal remains pending.[1]

## II. <u>Law and Analysis</u>

Sonuk asserts that his detention is governed by § 1226(a), rather than § 1225(b)(2)(A), and that the Government violated the INA and applicable bond regulations by denying him a bond hearing, although he acknowledges that *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), presently forecloses his statutory argument. Sonuk further alleges that his prior release on recognizance created a protected liberty interest and that the Government violated his procedural and substantive due process rights by re-arresting him at a scheduled ICE check-in without notice, materially changed circumstances, or an individualized determination that detention was necessary. ECF No. 1 at 2, 16. Finally, Sonuk alleges that his re-detention under those circumstances was arbitrary and capricious in violation of the APA. ECF No. 1 at 19.

[1] https://acis.eoir.justice.gov/en/caseInformation, last visited September 16, 2026.

The Government contends that *Buenrostro-Mendez* forecloses Sonuk's statutory claim because his detention is governed by § 1225(b)(2)(A), rather than § 1226(a). ECF No. 9 at 1. It further contends that Sonuk's due process claims mirror those at issue in *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *reh'g en banc granted, opinion vacated,* 181 F.4th 608 (5th Cir. 2026), and that no relief should be granted pending the Fifth Circuit's en banc resolution of that case. *Id.* at 1-3.

The Court agrees that the Fifth Circuit's decision in *Buenrostro-Mendez* forecloses any argument that Sonuk is detained under the incorrect statutory provision. That conclusion, however, does not resolve Sonuk's constitutional claim.

As this Court has frequently recognized, the question of whether Congress authorized detention under § 1225(b) is analytically distinct from whether the Government may revoke a liberty interest without affording constitutionally adequate process. *See Diallo v. Trump*, 1:25-CV-2012, 2026 WL 1230389 (W.D. La. Mar. 5, 2026), *Kilic v. Acuna*, 1:25-CV-01928, 2026 WL 1652575, at *2 (W.D. La. June 8, 2026); *Ghughunishvili v. Trump*, 3:26-CV-00086, ECF No. 13 (W.D. La. Mar. 20, 2026); *Garcia-Gil v. Acuna*, 1:26-CV-00207, ECF No. 10 (W.D. La. April 29, 2026); *Andrade-Cunalata v. Wyatt*, No. 3:26-CV-01155 (W.D. La. July 16, 2026).

**Procedural Due Process**

As previously explained in *Diallo, Kilic, Ghughunishvili, Garcia-Gil*, *Andrade-Cunalata* and other cases, Sonuk's procedural due process claim is separate and apart from whether he is ultimately subject to mandatory detention under § 1225(b). Rather, the question is whether, after the Government permitted him to remain at

liberty in the United States for more than three years, the Fifth Amendment required some form of individualized process before that liberty could be revoked. *See Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7, *9 (W.D. Tex. Oct. 21, 2025).

Neither *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103 (2020), *Jennings v. Rodriguez*, 583 U.S. 281 (2018), nor *Buenrostro-Mendez* forecloses Sonuk's constitutional claim. As this Court observed in *Diallo*, those decisions address Congress's statutory detention authority and the scope of constitutional protections afforded applicants for admission, but they do not answer the distinct question whether due process permits the Government to revoke an existing liberty interest without any individualized procedure.

Accordingly, the Court again applies the balancing test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews*, courts consider: (1) the private interest affected; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional procedural safeguards; and (3) the Government's interests, including the burdens of additional procedures.

**1. Private Interest**

"The interest in being free from physical detention" is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *Martinez v. Noem*, 5:25-CV-1007, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Although *Buenrostro-Mendez* establishes that § 1225(b) authorizes mandatory detention, it does not eliminate the liberty interest that developed after the Government

knowingly permitted Sonuk to remain at liberty in the United States for more than three years before re-detaining him.

The Government attempts to characterize Sonuk's due process claim as indistinguishable from those at issue in *Sosnava Rodriguez* and argues that relief should await the Fifth Circuit's en banc decision. Sonuk's case, however, presents materially different circumstances. His re-detention did not arise from the Government's first discovery of his presence in the United States. Rather, after processing him, issuing a Notice to Appear, and releasing him on recognizance, the Government knowingly permitted him to remain at liberty while his removal proceedings progressed. The Government does not allege that Sonuk violated a release condition, absconded, committed an offense, or otherwise became a danger after his release. Thus, whatever the legal characterization of Sonuk's initial release, the Government's own actions created a substantial liberty interest in continued freedom pending an individualized basis to revoke that release.

Thus, the first factor favors Sonuk.

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor likewise favors Sonuk. The Government re-detained Sonuk without providing advance notice, an opportunity to be heard, or any individualized process before depriving him of his liberty. As this Court noted in *Andrade-Cunalata*, the complete absence of procedural safeguards creates a substantial risk of erroneous deprivation because the Government alone determines when a previously granted liberty interest will be revoked.

The Government does not address the *Mathews* factors. Its three-page response rests principally on *Buenrostro-Mendez* and *Sosnava-Rodriguez*. But minimal procedural safeguards could reduce the risk of erroneous deprivation without altering the statutory detention framework. At a minimum, notice of the basis for re-detention and an opportunity to contest the factual predicates for revoking Sonuk's liberty would provide meaningful protection while leaving the ultimate statutory detention determination intact. The Due Process Clause requires only the procedures that the particular situation demands. *Mathews*, 424 U.S. at 334 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).

Because Sonuk received no individualized process before his Government-granted liberty was revoked, the risk of erroneous deprivation weighs in favor of requiring additional procedural safeguards.

**3. Government's Interest**

The Government unquestionably possesses a substantial interest in enforcing the immigration laws enacted by Congress and in detaining those individuals whom Congress has made subject to § 1225(b).

Providing constitutionally adequate procedures before revoking previously granted liberty does not undermine Congress's determination that applicants for admission are generally subject to mandatory detention. Rather, it requires only that the Government afford constitutionally adequate procedures before withdrawing liberty it has previously conferred. Due process protections remain applicable even when government authorities possess discretion to revoke supervision. *See Mendoza*

*v. Noem*, 823 F.Supp.3d 636, 649 (W.D. Tex. Feb. 26, 2026); *Lepe Hernandez v. Noem,* 5:26-CV-0694, 2026 WL 990024, at *4 (W.D. Tex. Apr. 13, 2026).

Balancing the three *Mathews* factors, the Court concludes that the Government violated Sonuk's procedural due process rights by re-detaining him without affording any individualized process after permitting him to remain at liberty for more than three years. This conclusion is consistent with this Court's prior decisions recognizing that *Buenrostro-Mendez* resolves the statutory question of detention authority, but not the separate constitutional question of whether the Government may revoke an established liberty interest without affording due process.

Because Sonuk is entitled to relief on his procedural due process claim, the Court need not address his remaining substantive due process or APA claims.

## III. <u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Respondents are ORDERED to release Sonuk from custody within seven (7) days, subject to the previously imposed conditions. Respondents shall provide counsel advance notice of the anticipated release.

IT IS FURTHER ORDERED that the parties shall file a joint notice of compliance with this Order within 24 hours of Sonuk's release.

THUS ORDERED AND SIGNED in Chambers this 17th day of September, 2026.

JUDGE JERRY EDWARDS, JR.
UNITED STATES DISTRICT COURT